UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**George L. Russell, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

August 19, 2015

MEMORANDUM TO COUNSEL RE:   Under Armour, Inc. v. Casey Taryn, LLC, et al.
Civil Action No. GLR-15-166

Dear Counsel:

Pending before the Court are Defendants', Casey Taryn, LLC ("Taryn") and Ass Armor, LLC ("Ass Armor"), Motion to Dismiss Plaintiff Under Armour, Inc.'s ("Under Armour") Complaint (ECF No. 11) and Motion to Seal Exhibits A through D to Casey Scherr's Supplemental Declaration in Support of Defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 18). Under Armour has filed an Opposition to the Motion to Dismiss (ECF No. 12), the Motion to Seal is unopposed. No hearing is necessary pursuant to Local Rule 105.6 (D.Md. 2014). For the reasons outlined below, the Motion to Dismiss will be denied without prejudice and the Motion to Seal will be granted.

On January 20, 2015, Under Armour sued Defendants in this Court for trademark infringement, trademark dilution, unfair competition, and cybersquatting under the Lanham Act and Maryland statutory and common law. (ECF No. 1). On March 2, 2015, Defendants moved to dismiss the case for lack of personal jurisdiction in Maryland. (ECF No. 11). Defendants, both Florida limited liability companies, contend that Under Armour fails to allege contacts between Defendants and the State of Maryland sufficient to support personal jurisdiction in this Court. As an alternative to dismissal, Under Armour seeks limited jurisdictional discovery to establish sufficient contact with the State of Maryland to support personal jurisdiction.[1]

Discovery under the Federal Rules of Civil Procedure is "broad in scope and freely permitted." Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 64 (4th Cir. 1993). Courts within this district have allowed discovery on factual issues raised by a motion to dismiss for lack of jurisdiction. See Vogel v. Boddie-Noell Enters., Inc., No. WDQ-11-0515, 2011 WL 3665022, at *3 (D.Md. Aug. 18, 2011) (permitting discovery on the issue of whether the defendants were subject to personal jurisdiction); see also E.E.O.C. v. AMX Commc'ns, Ltd., No. WDQ-09-2483, 2010 WL 2651570, at *6 (D.Md. June 30, 2010) (same). Here, although Defendants proffer, and Under Armour does not dispute, it has been provided information related to the Defendants' contacts within the State of Maryland, Under Armour should be allowed limited and

---

[1] Under Armour's basis for its opposition to Defendants' Motion to Dismiss is premised almost entirely on the shipment of a single pair of Ass Armor's tailbone protection compression shorts to the legal assistant to Under Armour's counsel in College Park, Maryland. The purchase was made using a credit card with a Washington, D.C. billing address.

reasonable discovery on the possibility that Defendants satisfy the minimum contacts requirement. Thus, in consideration of the request for limited jurisdictional discovery, this Court will afford Under Armour an opportunity to conduct limited discovery on the Defendants' contacts with the State of Maryland.

Accordingly, Defendants' Motion to Dismiss (ECF No. 11) is DENIED without prejudice. Under Armour has until October 23, 2015, to conduct limited discovery on this discreet issue. Subsequent to this limited discovery, Defendants may refile their Motion to Dismiss for lack of personal jurisdiction on or before November 23, 2015.

Further, Defendants request that the Court seal Exhibits A through D to Casey Scherr's Supplemental Declaration (ECF Nos. 14-17) on the grounds that Exhibits A through D contain sensitive and confidential financial information of Ass Armor, which should not be made available to the public. (ECF No. 18). Upon consideration of the Motion to Seal and for good cause shown, Defendants' Motion to Seal (ECF No. 18) is GRANTED.

Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/
_____
George L. Russell, III
United States District Judge